IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZENITH PETROLEUM CORPORATION,
    Plaintiff,

v.                                                                                         Case No. 6:13-CV-1175-JTM

DAVID R. STEERMAN,
    Executor for the Deceased Earlene H. Steerman,
    Defendant and Third Party Plaintiff

v.

VERNON L. SMITH & ASSOCIATES, INC.,
    Third-Party Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Zenith Petroleum Corporation seeks monetary damages from defendant David R. Steerman, the executor for the deceased Earlene H. Steerman, for alleged breach of warranty of title and slander of title. Dkt. 1. As a result of Zenith's suit, Steerman filed suit against third-party defendant Vernon L. Smith & Associates, Inc., on the grounds of negligent misrepresentation, mutual mistake, and unilateral mistake. Dkt. 15. On June 22, 2015, the court granted Smith summary judgment on Steerman's claim of negligent misrepresentation after finding no genuine issue of material fact as to whether Steerman breached her warranty of title to Zenith. Dkt. 65. This matter is before the court on Zenith's Motion for Reconsideration, filed pursuant to Federal Rule of Civil Procedure 59(e). Dkt. 68. For the reasons stated below, Zenith's motion is denied.

## I. Factual and Procedural Background

On May 6, 2013, Zenith filed a four-page Complaint against Steerman alleging what Zenith now categorizes as three distinct claims: (1) breach of contract, (2) breach of warranty of title, and (3) slander of title. Dkts. 1, 68. The Complaint contains, at best, minimal language which states in relevant part:

> 10. During the course of this transaction, however, the parties discovered that on February 1, 2012, defendant breached its extension by entering into an Oil and Gas Lease with Vernon L. Smith & Associates, Inc., covering the same property and commencing on January 26, 2012, for a period of three years. A copy of this lease is attached as Exhibit C.
>
> 11. Defendant entered into the lease with Vernon L. Smith during the extended term of the Zenith lease. This was a breach of the warranty provision contained in paragraph 9 of Exhibit B.
>
> 12. The Vernon L. Smith lease thus clouded plaintiff's interest in the property.

Dkt. 1, ¶¶ 10-12.

In the Pretrial Order, dated January 15, 2015, Zenith framed its "Contentions of Plaintiff" as follows:

> During the course of this transaction, however, the parties discovered that on February 1, 2012, Earlene Steerman breached her extension by entering into an Oil and Gas Lease with Vernon L. Smith & Associates, Inc., covering the same property and commencing on January 26, 2012, for a period of three years.
>
> Earlene Steerman entered into the lease with Vernon L. Smith during the extended term of the Zenith lease. *This was a breach of the warranty provision contained in paragraph 9 of the extension . . . .*

Dkt. 54, at 3 (emphasis added). From these Contentions, the Pretrial Order listed the "Legal Claims of Plaintiff" as follows:

1. Breach of Warranty/Contract
2. Slander of title/Cloud on title

Dkt. 54, at 5.

2

In a Memorandum and Order issued on June 22, 2015, in response to Smith's motion for summary judgment, the court found that Zenith had alleged only *two*, not three, claims against Steerman: (1) breach of warranty of title, pursuant to paragraph 9 of Lease 1; and (2) slander of title.[1]

At the time of the court's order, Steerman had not yet filed a motion for summary judgment. The court indicated, however, that based on its findings, it was impossible for Smith to be awarded summary judgment without Zenith's claim for breach of warranty being dismissed. It therefore allowed Steerman to submit a motion for summary judgment on the warranty of title claim within twenty (20) days of its order. Steerman filed her motion on July 10, 2015. Dkt. 67.

On July 20, 2015, Zenith filed a Motion for Reconsideration pursuant to Rule 59(e). Dkt. 68.

## II.    Legal Standard

A court may reconsider a judgment by altering or amending it upon motion of a party within twenty-eight days after the entry of the judgment. FED. R. CIV. P. 59(e). "The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence." *Monge v. RG Peetro-Mach. Group Co. LTD.*, 701 F.3d 598, 611 (10th Cir. 2012) (brackets and internal quotation and citation omitted). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of*

---

[1] The court ruled in favor of Smith, dismissing Steerman's claim for negligent misrepresentation after finding that there was no genuine issue of material fact as to whether Steerman breached the warranty of title contained in her lease to Zenith. The court declined to issue summary judgment on the slander of title claim, finding that the required element of malice was an issue for the jury. The court also dismissed as moot Steerman's claims of unilateral and mutual mistake.

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*; *accord United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). However, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Christy*, 739 F.3d at 539; *see also Kipling v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 1306, 1309 (10th Cir. 2014) (denying as untimely an argument raised in a Rule 59(e) motion that Colorado law permitted a certain insurance policy provision where defendant previously argued only Minnesota law on the issue).

### III.    Analysis

Zenith asserts the court erred in failing to recognize its alleged breach of contract claim, thereby misapprehending Zenith's position. In support of its allegation, Zenith relies on two grounds of support: (1) the claim is listed in the Pretrial Order as "Breach of Warranty/Contract," and (2) the claim is stated in Zenith's Contentions as "Steerman breached her extension [of the Zenith Oil and Gas Lease] by entering into the [Vernon Oil and Gas lease.]." Dkt. 68, at 2.

With regard to the first ground, the court notes that Zenith presented *only two* claims in the Pretrial Order: (1) Breach of Warranty/Contract, and (2) Slander of title/Cloud on title. Dkt. 54, at 5. Zenith now apparently argues that it actually has three claims against Steerman: (1) breach of contract, (2) breach of warranty of title, and (3) slander of title. Dkt. 68. If this was Zenith's intent from the beginning, why did it neglect to have three *separate* claims listed in the Pretrial Order? The listed claim does not say "Breach of Warranty/Breach of Contract," thereby somehow indicating that, although listed together, it was actually two claims.

Moreover, with regard to Zenith's second argument in support, although the Pretrial Order does indeed say that Steerman "breached her extension" by entering into the second lease

4

with Smith, it goes on to specify *how* Steerman breached that extension, for in the immediate next sentence, the Pretrial Order states, "Earlene Steerman entered into the lease with Vernon L. Smith during the extended term of the Zenith lease. *This was a breach of the warranty provision contained in paragraph 9 of the extension*." Dkt. 54, at 3. This is exactly how the claim was presented (albeit minimally) in the Complaint: a general statement that Steerman breached the extension (paragraph 10) followed immediately by the specification that she did so by breaching "the warranty provision contained in paragraph 9 of Exhibit B."[2] Dkt. 1, ¶ 11.

After much consideration and careful examination of the Complaint and the Pretrial Order, the court still cannot conclude that Zenith alleges anything more than a breach of warranty of title and slander of title. Zenith alleges that the court's previous ruling turns the notice pleading standard contained in Federal Rule of Civil Procedure 8 "on its head." Dkt. 68, at 6. The court is fully aware that all that is required of a complaint is that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, even under this relaxed standard, the complaint still must give a defendant notice of what plaintiff's claims are and the grounds of those claims. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

This case has been pending for more than two years. It is clear, based upon the various pleadings and motions filed since the Complaint, that Steerman, and, by default, Smith, thought they were defending against only two claims: breach of warranty of title and slander of title. Zenith argues that Smith "waited until after the pretrial conference--in its last reply brief before trial--to complain about the breach of contract claim." Dkt. 68, at 5. This is both correct and incorrect. Indeed, Smith waited until its Reply brief to flesh out its answer to Zenith's alleged

---

[2] Incidentally, "Exhibit B" refers to the Extension, which does not have any paragraphs. Zenith should have cited to Exhibit A, which is the original lease between the parties.

"breach of contract" claim but did so *only because* it had no idea that this claim even existed until Zenith filed its Response to Smith's motion for summary judgment. It was not until this pleading that Zenith first explicitly asserted a more detailed theory of its "breach of contract" claim: that Steerman's alleged breach of contract was her breach of the exclusivity provision of Lease 1.

Even now, in closing its Motion for Reconsideration, Zenith only alleges as follows:

> The complaint pleaded facts. The facts are that Steerman leased the property to two different individuals at the same time. This she could not do. A lessor cannot lease the same property twice simply because the person offers her more money. *This is a breach of the warranty given by the lessor.*

Dkt. 68, at 6 (emphasis added). There is no specification as to what, exactly, Zenith means by "breach of contract" or "breach of extension," leaving defendants, on the eve of trial, to continue to guess as to against what they must defend. This surely cannot be an intended consequence of even the most relaxed of views of Rule 8(a)(2).

While the court appreciates counsel's advocacy on behalf of his client, and understands that its prior rulings may indeed leave as Zenith's only option to "prov[e] malice on the part of a deceased school marm," (Dkt. 68, at 7), the court cannot create a new claim, on the eve of trial, which is not truly present in the pleadings.

**IT IS THEREFORE ORDERED** this 4th day of August, 2015, that Zenith's Motion for Reconsideration (Dkt. 68) is hereby **DENIED**. Zenith's Motion for Oral Argument (Dkt. 69) is denied as moot.

s/ J. Thomas Marten  
J. THOMAS MARTEN,  
CHIEF JUDGE